## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                              Civ. No. 19-94

$49,000.00 IN UNITED STATES CURRENCY,

$34,000.00 IN UNITED STATES CURRENCY,

    *Defendants-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    a. Forty-nine thousand ($49,000.00) in United States Currency, and
    b. Thirty-four thousand ($34,000.00) in United States Currency,
    (hereafter referred to as "Defendant Currency").

3. The Defendant Currency was seized by the Drug Enforcement Administration on August 25, 2018, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On August 25, 2018, Drug Enforcement Administration (DEA) Special Agent Jarrell Perry reviewed an Amtrak Train Passenger Name Record (PNR) in the name of Ethan Sandoval and Jose Ruiz, reflecting one-way travel on Amtrak Train number three in sleeper car number 330, bedroom number 12. On August 23, 2018, the tickets were purchased for $715 with a Visa Card, in the name of Ethan Sandoval. The PNR revealed the tickets were for travel from Mendota, Illinois to Los Angeles, California. The train's scheduled departure time from Mendota, Illinois was 4:12 p.m. on August 24, 2018.

8. On August 25, 2018, Agent Perry and Task Force Officer (TFO) Seth Chavez were at the Amtrak Train Station to check the westbound Amtrak Train number three during its normal layover in Albuquerque, New Mexico. Agent Perry and TFO Chavez boarded sleeper car number 330. Agent Perry walked to bedroom number 12 and observed two males, later identified as Ethan Alan Sandoval and Jose Manuel Ruiz, inside room 12.

9. Agent Perry displayed his DEA badge to Sandoval and identified himself as a police officer. Agent Perry asked Sandoval for permission to speak with him. Sandoval responded, "Yeah." Agent Perry asked Sandoval for permission to see his ticket and Sandoval began to look through his cellular telephone. Agent Perry asked Sandoval where they were traveling to and Sandoval said, "Los Angeles." Agent Perry asked Sandoval where he began his trip and he replied, "Chicago." Agent Perry asked Sandoval if he lived in Chicago or Los Angeles and he said, "Chicago." Sandoval said that he had traveled on the train approximately one week ago from Los Angeles to Napierville. Sandoval handed Agent Perry his cellular telephone which revealed an Amtrak Train reservation in the names of Ethan Sandoval and Jose Ruiz. Agent Perry reviewed the reservation and immediately returned the cellular telephone.

10. Agent Perry asked Sandoval and Ruiz if they had identification with them, and Sandoval stated, "I have mine." Ruiz said, "I have a paper ID." Agent Perry asked Sandoval and Ruiz for permission to see their identification.

11. Agent Perry asked Sandoval and Ruiz where they lived and Ruiz said, "Chicago." Sandoval handed Agent Perry an Illinois ID and copy of an Illinois ID for Ruiz. Agent Perry reviewed Ruiz's identification and immediately returned it to Sandoval. Agent Perry asked Sandoval and Ruiz the purpose of their trip to California and Ruiz said, "My cousin Jeff lives out there." Sandoval and Ruiz said that they were friends.

12. Agent Perry explained his duties as they pertain to interdiction on the Amtrak Train. He advised that due to the lack of security that there is a problem with passengers utilizing the Amtrak Train to transport contraband. Sandoval and Ruiz said that they had been drinking ad that they thought, maybe, they were making too much noise. Agent Perry explained that he

3

speaks with passengers for security reasons. Sandoval said that they were going to be in California for a week and a half visiting family.

13. Agent Perry asked Sandoval and Ruiz if they had any luggage with them. Ruiz said, "Yeah, my luggage is over here." Ruiz quickly exited his bedroom, walked to the common luggage area and identified a hard-sided suitcase as belonging to him. Agent Perry asked Sandoval if he had luggage with him. Sandoval identified a backpack that was lying on the seat inside of his bedroom. Sandoval and Ruiz both gave provided verbal permission for Agent Perry to search their luggage.

14. Ruiz opened up his hard-sided suitcase and began to remove articles of clothing in a very quick manner. Agent Perry asked Sandoval for permission to enter his bedroom. Sandoval advised that Agent Perry could do whatever he wished. Agent Perry entered bedroom number 12 and searched Sandoval's backpack, which revealed ten large rubber band wrapped bundles of money concealed underneath clothing in the bottom of the backpack.

15. Agent Perry asked Sandoval if the bundles of money belonged to him. Sandoval responded, "Yeah, that belongs to me." Agent Perry knew from his experience that the large rubber-band wrapped bundles of money were consistent with previous bundles of money that constitute proceeds of illegal drug trafficking.

16. Ruiz walked back to the bedroom and said, "We are trying to buy a car out there with my cousin."

17. Agent Perry asked Sandoval for permission to search his bedroom. Sandoval replied, "Yeah, sure." Agent Perry observed a small black shaving kit lying on the armrest. Agent Perry picked up the shaving kit and unzipped it. Sandoval said that it contained money as

well. Agent Perry discovered five large rubber band wrapped bundles of money concealed inside of the shaving kit. Sandoval stated that the money inside of the shaving kit belong to Ruiz.

18. Agent Perry asked Ruiz how much money he had inside of the black shaving kit. Ruiz said, "It's about $40,000." Sandoval said that he had about $30,000. Agent Perry asked to see Sandoval's and Ruiz's identification again. Sandoval handed Agent Perry both identifications again. Agent Perry handed the identifications to TFO Chavez who conducted a background check on Sandoval and Ruiz.

19. Ruiz informed Agent Perry that he was nervous. Agent Perry spoke with Sandoval and Ruiz concerning the packaging, origin of the money, and the purpose of having the money with them. Ruiz said that his boss in Rockford, Illinois gave him $20,000 of the money to purchase a vehicle. Ruiz contacted his boss via cellular telephone and handed the phone to Agent Perry. A male informed Agent Perry that Ruiz worked for him and that he gave Ruiz money for his work last week with amounted to $400 to $500.

20. Sandoval and Ruiz stated that none of the money had been in the bank. Sandoval said that he did not wish to answer any more questions.

21. Agent Perry asked Ruiz if the money had been around any type of drugs and Ruiz replied, "No."

22. Due to the totality of the circumstances, Agent Perry informed Sandoval and Ruiz that the various bundles of money they had in their possession was being seized as proceeds from illegal narcotics.

23. Agent Perry placed the unknown amount of currency into two different self-sealed envelopes (SSEE), in the presence of Sandoval and Ruiz. Agent Perry and TFO Chavez

subsequently transported the sealed currency to the Albuquerque DEA office and placed it into a temporary storage vault.

24. On August 27, 2018, at the Albuquerque DEA Office, TFO Frank Chavez and TFO Davis removed the currency from the temporary storage vault. TFO Grady deployed his trained and certified drug detection canine on the currency. TFO Grady informed TFO Frank Chavez that his canine had alerted positively on the currency for the odor of illegal drugs.

25. TFO Frank Chavez transported the currency to Loomis, Incorporated for an official count. An official count revealed $34,000 seized from Sandoval and $49,000 seized from Ruiz.

26. Sandoval has been convicted of possession of drug paraphernalia and arrested for drug related offenses on multiple occasions.

27. Ruiz has been convicted of possession of illegal drugs and arrested for drug related offenses on multiple occasions.

### FIRST CLAIM FOR RELIEF

28. The United States incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth.

29. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

30. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

31. The United States incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth.

32. 18 U.S.C. § 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity. Unlawful activity is defined in 18 U.S.C. § 1952(b).

33. Defendant Currency is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

                        Respectfully submitted,

                        JOHN C. ANDERSON
                        United States Attorney

                        STEPHEN R. KOTZ
                        Assistant U.S. Attorney
                        P.O. Box 607
                        Albuquerque, NM 87103
                        (505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: **01-31-2019**

_____
Jarrell W. Perry, Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$49,000, ET.AL. UNITED STATES CURRENCY

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | [X] 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1957 , 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1960 , 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 1952 and 21 U.S.C. § 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 2/1/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE